STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO: AP06-062


SCOTT BONNEY

                    Plaintiff
                                                 ORDER ON
                                                 PLAINTIFF'S DISTRICT
                                                 COURT APPEAL
        v.


MATTHEW CHAMBERLAIN

                    Defendant                    DONALD L. GARBRECHT
                                                 LAW LIBRARY


This matter comes before the Court on Scott Bonney's appeal of aAUG 2 0 2007

judgment entered against him in the district court, pursuant to M.R. Civ. P. 76D.

## BACKGROUND

Plaintiff Scott Bonney ("Bonney") rented a home at 16 Dale Avenue in

Westbrook, Maine, from Defendant Matthew Chamberlain ("Chamberlain").

Bonney provided a security deposit in the amount of $1,700. He and his family

moved out of the house on March 31, 2006 but did not receive any of their

security deposit. Chamberlain contends that he did not return the deposit

because the damage allegedly caused by the Bonneys exceeded the deposit

amount and was not merely normal wear and tear. He alleges that there was

damage to the walls, trim, doors, carpet, and ceiling of the rental home. In April

2006, Chamberlain and the Bonneys met at the home to view it and

unsuccessfully attempted to resolve the matter. The Bonneys claim that

Chamberlain did not return their calls or respond to their letters after that date,

and did not provide an itemized list of damages. Chamberlain states that he sent

a bill to the Bonneys' last known address, which was the rental house, but never received a response from them.

In August 2006, Bonney filed suit against Chamberlain in small claims court.[1] The district court conducted a hearing on October 19, 2006, at which both parties presented their arguments. The court considered the statements of both parties, as well as a video of alleged damages provided by Chamberlain and pictures of the house provided by Bonney. After the hearing, the court entered judgment for Chamberlain. The court did not articulate its rationale for the decision and the hearing was not recorded. Bonney filed this timely appeal on November 16, 2006. The record, which consists of docket entries, a statement prepared by Bonney, and photographs of the apartment, was filed with this Court on December 8, 2006. On appeal, Bonney argues that because he was a tenant at will, Chamberlain was required to either refund his deposit or provide a written statement explaining why the deposit was not returned.

## DISCUSSION

1.    Standard of Review.

A party may appeal a judgment of the district court to the Superior Court, and this Court's review of a district court judgment is restricted to legal questions. M.R. Civ. P. 76D. Factual determinations of the district court will be upheld unless they are "clearly erroneous." Id.

Because this is a deferential standard, the filing of a proper record is essential to the efficient resolution of district court appeals. If a proceeding in the district court is not the type of matter that is "routinely recorded," it will be recorded when a party so requests. M.R. Civ. P. 76H(a). On appeal, the

---

[1] The docket number is PORDC-SC-2006-746.

appellant may include a transcript of the hearing in the record. M.R. Civ. P. 76H(d)(2)(b). An appellant may prepare a statement of evidence in lieu of a transcript when no transcript is available "for reasons beyond the control of any party." M.R. Civ. P. 76F(c).

2. Should the District Court's Decision Be Affirmed?

This case hinges on the factual dispute of whether the damages to the home that the Bonneys rented from Chamberlain constituted normal wear and tear, in which case a portion of the security deposit might be returned, or whether they were of such a nature that returning the security deposit is unwarranted. The district court conducted a hearing, at which time the parties each had an opportunity to present argument and evidence, and the district court entered judgment for Chamberlain. Neither party had requested that the hearing be recorded, and Bonney has not argued that the lack of a record of the hearing was "beyond the control" of the parties. In the absence of a transcript of that proceeding, and in light of the essentially factual dispute between the parties, Bonney has not demonstrated that the court's decision was clearly erroneous.

The entry is:

The judgment of the district court is AFFIRMED. Plaintiff's appeal is DISMISSED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 20, 2007_

Robert E. Crowley
Justice, Superior Court

| Date Filed | 12-11-06 | Cumberland County | Docket No. | AP06-62 |

Action  District Court Appeal

SCOTT BONNEY                                    MATTHEW CHAMBERLAIN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Se | Pro Se |
| 74 Old Farm Road | 49 Saco Street |
| Westbrook ME 04092 | Scarborough ME 04074 |

| Date of Entry | |
|---|---|
| **2006** | |
| Dec. 15 | Received 12-11-06.<br>Plaintiff's Notice of Appeal to Superior Court filed. |
| " " | All paperwork received from 9th Southern Cumberland District Court (District Court Docket No. PORDC-SC-2006-00746) |
| " " | On 12-15-06.<br>Briefing schedule mailed.  Appellant's brief due 1-22-07. |
| Dec. 19 | Received 12-18-06.<br>Certified mail return receipt filed showing service on 12-1-06 upon Defendant Matthew Chamberlain. |
| " " | Plaintiff's statement of evidence and procedures filed. |
| **2007** | |
| Jan. 19 | Received on 1/19/07.<br>Appellant's brief filed. |
| Jan. 23 | Received 1-22-07.<br>Appellee's Brief filed. |
| June 20 | Received 6-20-07.   JUDGMENT:<br>Order on Plaintiff's District Court Appeal filed. (Crowley, J.)<br>The judgment of the District Court is affirmed.  Plaintiff's appeal is dismissed.<br>The clerk shall incorporate this order into the docket by reference pursuant to M.R.Civ.P. 79(a).<br>6-20-07 copy mailed to Scott Bonney and Matthew Chamberlain at the above addresses |